THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TECHNICOLOR USA, INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CAUSE NO.: 1:19-cv-174 |
| v. ) | |
| ) | |
| NATIONAL UNION FIRE INSURANCE ) | |
| COMPANY OF PITTSBURGH, PA., *et al.* ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA, INDIANAPOLIS DIVISION:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant National Union Fire Insurance Company of Pittsburgh, PA, ("National Union"), by counsel, hereby files this *Notice of Removal* to remove the above-entitled action to this Court based upon the following supporting grounds.  Removing party National Union, appearing solely for the purpose of this removal, and for no other purpose, and preserving all other defenses available to it, states as follows:

1. National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") and AIG Claims, Inc. ("AIG Claims") are defendants in a civil action brought against them in the Superior Court for Marion County, Indiana, captioned *Technicolor USA, Inc., et al. v. National Union Fire Insurance Company of Pittsburgh, Pa., et al.*, Case No. 49D01-1812-PL-049140, on the docket of said Court.  Pursuant to 28 U.S.C. Section 1446(a), copies of all process, pleadings, and orders served on National Union and AIG Claims in that action are attached hereto.

2. The action was commenced by filing of the Complaint on December 13, 2018.

3. National Union and AIG Claims were served with the Complaint on December 17, 2018.

4. No further proceedings have been had in the Marion County Superior Court.

5. Plaintiff Technicolor USA, Inc. ("Technicolor USA") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in Indianapolis, Indiana, and is therefore a Citizen of the States of Delaware and Indiana.

6. Plaintiff Technicolor Creative Services USA, Inc. ("Technicolor Creative") is a corporation organized and existing under the laws of the Delaware, having its principal place of business in Hollywood, California, and is therefore a Citizen of the States of Delaware and California.

7. National Union is a corporation organized and existing under the laws of the State of Pennsylvania, having its principal place of business in New York, New York, and is therefore a Citizen of the States of Pennsylvania and New York.

8. AIG Claims is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in New York, New York, and is therefore a Citizen of the States of Delaware and New York.

9. The Complaint seeks a declaration of Plaintiffs rights under a non-duty to defend employment practices liability policy issued to Technicolor USA by National Union. The Complaint also seeks damages arising from National Union's alleged breach of the policy by its refusal to defend and confirm it will indemnify Technicolor Creative for the underlying action.

10. Alternatively, the Complaint seeks damages from AIG Claims for its adjustor's alleged negligent misrepresentation of the extent and scope of coverage under the policy issued by National Union.

11. Removal is permissible because AIG Claims was not properly joined as a defendant in this action as Plaintiffs cannot establish a cause of action against AIG Claims. 28 U.S.C. 1441(b)(2); *Merriweather v. Braun*, 792 F.Supp. 659, 661 (E.D. Mo. 1992). In this regard, AIG Claims has been fraudulently joined and its citizenship is ignored for purposes of removal because:

  a. AIG Claims is the disclosed agent of National Union and cannot be independently liable when acting by and for National Union;

  b. AIG Claims is National Union's adjuster and as such cannot be liable for torts arising out of National Union's declination of coverage;

  c. Technicolor Creative's defense in the underlying action has been provided by its general liability insurer, Allianz, and Technicolor therefore has no cause of action against AIG Claims;

  d. Even if National Union had advanced defense costs it would be entitled to recoup such costs in the event there was not coverage under the policy and therefore Technicolor has no cause of action against AIG Claims;

  e. Technicolor Creative has sued Ogletree, its defense counsel in the underlying action, for legal malpractice over the defense it provided and cannot recover from both Ogletree and AIG Claims for the same loss.

12. Consent from AIG Claims is not required as it is a fraudulently named, sham defendant in this action. 28 U.S.C. 1446(b); *Polyplastic, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir. 1983); *N. Ill. Gas Co. v. Airco Ind. Gases*, 676 F.2d 270, 272 (7th Cir. 1982); *Jernigan v. Ashland Oil, Inc.* 989 F.2d 812, 816 (5th Cir. 1993).

13. The within lawsuit is a controversy between citizens of different states, as to give rise to complete diversity of citizenship within the meaning of 28 U.S.C. 1332.

14. The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

15. This Notice is being filed with this Court within 30 days after service of the Summons and Complaint on removing party National Union.

16. Pursuant to 28 U.S.C. §1446(d), removing party National Union will notify the clerk of the court in the State Court Action of this removal, and will give notice thereof to all adverse parties.

WHEREFORE, removing party National Union prays that the above-entitled action be removed from the Marion County Superior Court to the United States District Court for the Southern District of Indiana, Indianapolis Division.

/s/ John C. Trimble
John C. Trimble, #1791-49
Meghan E. Ruesch, #32473-49
LEWIS WAGNER, LLP
501 Indiana Avenue, Suite 200
Indianapolis, IN 46202-3199
Telephone: (317) 237-0500
Facsimile: (317) 630-2790
E-Mail: jtrimble@lewiswagner.com
E-Mail: mruesch@lewiswagner.com
*Counsel for National Union Fire Insurance Company of Pittsburgh, Pa. and AIG Claims, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2019, a copy of the foregoing Notice of Removal was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system. I further certify that on January 16, 2019 a copy of the foregoing Notice of Removal was mailed, by first-class U.S. Mail, postage prepaid and properly addressed to the following:

George M. Plews
Brett E. Nelson
Plews Shadley Racher & Braun LLP
1346 North Delaware Street
Indianapolis, IN  46202-2415
*Attorney for Plaintiffs*

>  */s/  Meghan E. Ruesch*
>  MEGHAN E. RUESCH