UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TECHNICOLOR USA, INC. and TECHNICOLOR CREATIVE SERVICES USA, INC., <br> *Plaintiffs*, <br><br> *vs.* <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. and AIG CLAIMS, INC., <br> *Defendants.* | 1:19-cv-00174-JMS-DML |

# ORDER

This action relates to an insurance policy issued by Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") to Plaintiffs Technicolor USA, Inc. ("Technicolor") and Technicolor Creative Services USA, Inc. ("TCS"). Technicolor and TCS initiated this litigation in Marion Superior Court, and National Union and Defendant AIG Claims, Inc. ("AIG") removed it to this Court on January 16, 2019. [Filing No. 1.] Presently pending is a Motion to Remand filed by Technicolor and TCS. [Filing No. 24.]

## I.
### BACKGROUND

National Union issued an employment practices liability policy to Technicolor (the "Policy"). [Filing No. 10-1 at 12-57.] When TCS was sued for an employment-related matter (the "Underlying Action"), Technicolor and TCS sought coverage under the Policy. [Filing No. 10-1 at 5-6.] After disputes regarding coverage surfaced, Technicolor and TCS sued National Union and AIG, as National Union's claims administrator. [Filing No. 10-1 at 4-11]. Technicolor and TCS asserted claims against National Union for declaratory relief and breach of contract, and against AIG for negligent misrepresentation. [Filing No. 10-1 at 7-9.]

National Union and AIG removed the case to this Court shortly thereafter. [Filing No. 1.] After the Court noted some deficiencies with Defendants' Notice of Removal, Defendants filed an Amended Notice of Removal on January 22, 2019. [Filing No. 10.] In the Amended Notice of Removal, Defendants allege that the Court has diversity jurisdiction over this matter despite the fact that Plaintiffs and AIG are all citizens of Delaware because AIG was not properly joined as a Defendant. [Filing No. 10 at 2-3.] Specifically, Defendants argue that "Plaintiffs cannot establish a cause of action against AIG" because: (1) AIG is an agent of National Union and cannot be independently liable when acting on behalf of National Union; (2) AIG is National Union's adjuster and cannot be liable for torts arising out of National Union's declination of coverage; (3) TCS's defense in the Underlying Action has been provided by other insurers, so it has no cause of action against AIG; (4) even if National Union has advanced defense costs, it would be entitled to recoup those costs in the event there was no coverage under the Policy and so Technicolor has no cause of action against AIG; and (5) TCS has sued its defense counsel in the Underlying Action for legal malpractice, and cannot recover from both its counsel and AIG for the same loss. [Filing No. 10 at 3.]

Plaintiffs then moved to remand the case to Marion Superior Court, and that motion is now ripe for the Court's decision.[1]

## II.
### DISCUSSION

In support of their Motion to Remand, Plaintiffs argue that they have stated a prima facie case for negligent misrepresentation against AIG because Indiana law recognizes liability for negligent misrepresentation where there is a direct relationship between the plaintiff and the

---

[1] Also pending are AIG's Motion to Dismiss, [Filing No. 17], and National Union's Motion to Dismiss, [Filing No. 20].

defendant, as there is here. [Filing No. 24 at 6-8.] Plaintiffs assert that the five contentions upon which the Amended Notice of Removal is based are not supported by citation to any legal authority. [Filing No. 24 at 8-13.] In response to the contentions, they argue that an agent may be personally liable for misrepresentations if the misrepresentations were made without the authority of the principal, that their claim against AIG is based on AIG's negligent misrepresentations and not on National Union's wrongful failure to defend, that Technicolor has not been reimbursed for its defense of the Underlying Action, that National Union has not advanced defense costs, and in any event the claimed misrepresentations caused Technicolor to incur additional defense costs, and that any potential recovery from TCS's counsel does not impact the legal validity of the claim asserted against AIG. [Filing No. 24 at 8-13.]

In its response, National Union argues that its Amended Notice of Removal complies with 28 U.S.C. § 1446 and did not need to include citations to legal authority or attach evidence. [Filing No. 34 at 4-5.] It then contends that Plaintiffs have not alleged that AIG was acting outside the scope of its business in adjusting insurance claims, and it cannot be held liable for acts undertaken within the scope of its authority. [Filing No. 34 at 5-6.] National Union argues that AIG does not have a direct relationship with Plaintiffs that could give rise to a negligent misrepresentation claim, that Plaintiffs have not cited cases indicating that Indiana law would recognize the type of negligent misrepresentation claim they are trying to assert against AIG, and that Plaintiffs' negligent misrepresentation claim against AIG is "nothing more than a disguised claim for bad faith, which the Supreme Court of Indiana has refused to recognize outside of the insurer-insured relationship." [Filing No. 34 at 6-11.]

In its reply, Plaintiffs argue that the cases cited by National Union do not foreclose their claim against AIG. [Filing No. 36 at 3-8.] Additionally, they assert that National Union confuses

negligent misrepresentation with bad faith, and that whether there is a direct relationship between Technicolor and AIG is irrelevant. [Filing No. 36 at 8-12.]

The federal district courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "[The] district courts may not exercise jurisdiction absent a statutory basis," *id.*, and the removing party "bears the burden of establishing federal jurisdiction," *Tri-State Water Treatment, Inc. v. Bauer*, 845 F.3d 350, 352 (7th Cir. 2017). Here, Defendants allege that jurisdiction is appropriate pursuant to 28 U.S.C. § 1332 which, in relevant part, provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States…." 28 U.S.C. § 1332(a); *see also* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants…."). Since 1806, the Supreme Court has "read th[is] statutory formulation…to require complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)).

Defendants nonetheless removed this matter, despite the fact that Plaintiffs and AIG are all citizens of Delaware. Defendants ask the Court to ignore the citizenship of AIG and exercise jurisdiction over this case pursuant to the fraudulent joinder doctrine. The fraudulent joinder doctrine imposes a burden far more stringent than that ordinarily imposed on a removing defendant. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 764 (7th Cir. 2009). A defendant invoking the doctrine must demonstrate that, "after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Id.* (emphasis and internal quotation omitted). As this statement suggests, the Court

4

must look at both the facts alleged and the law governing the plaintiffs' complaint to determine whether they have "some chance of success" on their claims under state law. *Thornton v. M7 Aerospace LP*, 796 F.3d 757, 765 (7th Cir. 2015); *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013) ("Under the fraudulent joinder doctrine…, an out-of-state defendant's right of removal premised on diversity cannot be defeated by joinder of a nondiverse defendant against whom the plaintiff's claim has 'no chance of success.'" (citation omitted)).

A removing defendant may present uncontested evidence to show that the facts of the case preclude a plaintiff's claim against a nondiverse defendant. For example, where a removing defendant provides an uncontroverted affidavit demonstrating that a nondiverse defendant had "absolutely nothing to do with" the claims raised by the plaintiff, the lack of diversity does not prevent removal. *Faucett v. Ingersoll-Rand Mining & Mach. Co.*, 960 F.2d 653, 655 (7th Cir. 1992). In such circumstances, the plaintiff's claim against the nondiverse defendant fails because the undisputed evidence demonstrates that the defendant could not factually establish an essential element of the claim. *See id.*

Fraudulent joinder may also apply where a plaintiff's claim against the nondiverse litigant has no reasonable legal merit, such as where a plaintiff sues an entity who cannot be held liable under established state law. *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73-74 (7th Cir. 1992) (applying fraudulent joinder to disregard parent company's citizenship where plaintiff sued parent company for injury allegedly caused by subsidiary). The fraudulent joinder inquiry, however, is far more circumscribed than a district court's inquiry when applying state substantive law in diversity cases, where it must "predict[ ]…how the supreme court of the state would decide the matter" as if it were that tribunal. *Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 635 (7th Cir. 2002). In assessing a fraudulent joinder argument, all that the Court must determine is whether

there is a "reasonable possibility" that the state court would hold that the plaintiff stated a viable claim to relief against the nondiverse defendant. *Morris*, 718 F.3d at 672-73 (holding that proper inquiry is not how the district court would resolve a dispositive choice of law issue, but whether there was a "reasonable possibility [that] the state court would have ruled against" the nondiverse defendant).

Applying these principles, the Court must determine whether there is a reasonable possibility that an Indiana court would find that Plaintiffs could succeed on a negligent misrepresentation claim against AIG. *Id.* In doing so, the Court is mindful that "the burden a defendant must bear to overcom[e] a motion to remand by asserting fraudulent joinder is not the same as the burden it must bear to prevail on a motion to dismiss for failure to state a claim." *Street v. Cottrell, Inc.*, 2010 WL 750027, *5 (S.D. Ill. 2010).

The Court turns to the substance of Plaintiffs' negligent misrepresentation claim against AIG. The Indiana Supreme Court has described the tort of negligent misrepresentation as follows:

> One who, in the course of his business, profession, or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*U.S. Bank, N.A. v. Integrity Land Title Corp.*, 929 N.E.2d 742, 747 (Ind. 2010) (quoting Restatement (Second) of Torts § 552 (1977)).

National Union argues that Plaintiffs' negligent misrepresentation claim against AIG is not viable, and cites cases that it contends stand for that proposition. But none of National Union's cases involve a claim under Indiana law by a policyholder against a claims adjuster for negligent misrepresentation regarding the scope of coverage provided by an insurance policy. *See, e.g.*, *Feizbakhsh v. Travelers Commercial Ins. Co.*, 2016 WL 8732296 (C.D. Cal. 2016) (negligent

6

misrepresentation claim against claims adjuster related to scope of coverage provided by policy, but applying California – not Indiana – law); *Samaron Corp. v. United of Omaha Life Ins. Co.*, 2014 WL 4906314 (N.D. Ind. 2014) (claim of negligent misrepresentation by insured against life insurer); *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875 (7th Cir. 1999) (suit by insured against insurer and one of its agents for bad faith, not negligent misrepresentation); *Darst v. Ill. Farmers Ins. Co.*, 716 N.E.2d 579 (Ind. Ct. App. 1999) (alleged negligent misrepresentation by claims adjuster to insured regarding settlement amount); *Eby v. York-Division, Borg-Warner*, 455 N.E.2d 623 (Ind. Ct. App. 1983) (negligent misrepresentation claim by employee against employer).

The cases relied upon by National Union fall short of establishing that there is no reasonable possibility that Plaintiffs' negligent misrepresentation claim against AIG could succeed. There simply is no Indiana law analyzing the precise factual scenario presented in this case. Indeed, the Seventh Circuit has described the state of Indiana law on negligent misrepresentation as one of "relative chaos." *Trytko v. Hubbell, Inc.*, 28 F.3d 715, 721 (7th Cir. 1994). Again, and importantly, this Court's task is not to predict whether the Indiana courts would recognize a negligent misrepresentation claim under the circumstances presented here – that is a job for the motion to dismiss or summary judgment stage. Instead, the Court's inquiry is whether there is a reasonable possibility that Plaintiffs could succeed on their claim. And in doing so, the Court must "resolv[e] all issues of fact *and law* in favor of" Plaintiffs. *Schur*, 577 F.3d at 764 (emphasis in original).

Because Plaintiffs' negligent misrepresentation claim against AIG is not definitively foreclosed by Indiana law, the Court resolves the issue of law in favor of Plaintiffs. *See Perry v. Higgins-Ballas*, 2018 WL 3158510, *2 (N.D. Ind. 2018) (rejecting application of the fraudulent

7

joinder doctrine and stating "[t]his court's analysis of the pending motions begins and ends with the fact that neither the Indiana Supreme Court nor the Indiana Court of Appeals has addressed the extent to which a store manager can be held personally liable to a third-party for injuries the third-party sustained on her employer's premises").  Consequently, AIG is not fraudulently joined in this lawsuit, and the Court does not have diversity jurisdiction over this matter because AIG on the one hand, and Plaintiffs on the other, are all citizens Delaware.  Accordingly, this case must be remanded to the Marion Superior Court.

### III.
#### CONCLUSION

"The purpose of the fraudulent joinder doctrine and a motion to remand is to place the case in the proper forum, not to rule substantively on Plaintiffs' claims." *Torrez v. Jeppesen Sanderson, Inc.*, 2013 WL 5325454, *3 (N.D. Ill. 2013).  National Union has not sustained its burden of showing that Plaintiffs' negligent misrepresentation claim against AIG has no reasonable possibility of success under Indiana law.  Plaintiffs' Motion to Remand, [24], is **GRANTED** and the Court **DIRECTS** the Clerk to **REMAND** this matter to the Marion Superior Court.  All other pending motions are **DENIED WITHOUT PREJUDICE** and all deadlines are **VACATED**.

Date: 5/14/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**